FILED
May 22, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004247907

McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Hilton A. Ryder, #54470
   hilton.ryder@mccormickbarstow.com
5 River Park Place East
Fresno, California 93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

Attorneys for Debtor and Defendant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

Sacramento Division

| | |
|---|---|
| In re<br><br>YOUSIF H. HALLOUM,<br><br>Debtor. | Case No. 12-21477-C-11<br><br>Chapter 11 |
| COMMUNITY BANKS OF NORTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>YOUSIF H. HALLOUM,<br><br>Defendant. | Adv. Proceeding # 12-02184-C<br><br>Dept:  C, Courtroom 35<br>Judge: Hon. Honorable Christopher M. Klein |

## ANSWER

Yousif H. Halloum answers the complaint on file herein as follows.

1.   In answer to paragraphs 1, 2, 3 and 4, Defendant admits the allegations therein contained.

2.   In answer to paragraph 5, Defendant has no information or belief that would enable him to answer the allegations contained in the paragraph and basing his denial on these grounds, denies each and every allegation therein contained.

3.   In answer to paragraph 6, Defendant admits that during or about 2007, Defendant declined to renew a franchise agreement for his convenience store, for which the franchisor

was also his fuel supplier. Other than as specifically admitted, Defendant denies each and every other allegation therein contained.

4. In answer to paragraph 7, Defendant admits the allegations therein contained.

5. In answer to paragraph 8, Defendant denies that he had encountered delays in completing a new car wash and Subway restaurant (due at least in part to his dispute with BP, with the delays exasperating his working capital constraints). Other than as specifically denied, Defendant admits the remaining allegations in the paragraph.

6. In answer to paragraph 9 and 10, Defendant admits the allegations contained in said paragraphs.

7. In answer to paragraph 11, Defendant admits establishing a deposit and checking account with Plaintiff, which he used to pay various business expenses. In particular, to satisfy substantial charges for gasoline deliveries, he authorized the fuel supplier to initiate electronic transfers from the account. Other than as specifically admitted, Defendant denies each and every other allegation therein contained.

8. In answer to paragraph 12, Defendant admits that Plaintiff honored overdrafts on Defendant's checking account starting in March 2011, and other than as specifically admitted, denies each and every other allegation therein contained.

9. In answer to paragraph 13, Defendant admits that Plaintiff's counsel wrote to Defendant in July 2011, and other than as specifically admitted, denies each and every other allegation therein contained.

10. In answer to paragraph 14, Defendant admits that the overdrafts had increased from $88,000.00 to about $190,000.00 by October 2011 and that Plaintiff advised Defendant that he had ten days to establish alternate banking relationships for his business and no further overdrafts would be honored thereafter, and that no overdraft would be honored in the interim if the cumulative total would exceed $300,000.00. Defendant further admits that during the ten day period, the overdrafts went to $297,372.49. Other than as specifically admitted, Defendant denies each and every other allegation therein contained.

///

11. In answer to paragraph 15, Defendant admits that at least from 2009 forward Defendant routinely funneled from his business into securities accounts maintained in the name of his wife until April 2011, an thereafter in the name of his adult daughter and that he also wrote checks to his wife and daughter to fund their stock trading accounts. Defendant further admits that he lost approximately $250,000.00 in 2010 and, other than as specifically admitted, denies each and every other allegation therein contained.

12. In answer to paragraph 16, Defendant admits that he never notified Plaintiff of the losses in the stock trading account and other than specifically admitted, denies each and every other allegation therein contained.

13. In answer to paragraph 17, Defendant denies each and every allegation therein contained.

## ANSWER TO FIRST CLAIM FOR RELIEF

In answer to paragraph 18, Defendant incorporates by reference his answers to paragraphs 3 through 17 above.

14. In answer to paragraphs 19, 20, 21, 22, 23, 24 and 25, Defendant denies each and every allegation therein contained.

## AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant alleges as follows.

1. Plaintiff fails to state a cause of action under 11 U.S.C. §523(a)(2).

2. The representations alleged in the complaint are representations of Debtor's financial condition. Representations of Debtor's financial condition must be in writing pursuant to 11 U.S.C. §523(a)(2)(B).

3. The actions of Defendant alleged in the complaint are allegations of a breach of a contractual obligation which are not within the scope of nondischargeability of 11 U.S.C. §523(a)(2).

///
///
///

1  **WHEREFORE**, Defendant prays that Plaintiff take nothing by its complaint and for
2  such further and other relief as the Court deems proper.

3  Dated: May 21, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: _____
Hilton A. Ryder
Attorneys for Debtor

28  34070-00011 2020407.1